

DA 07-0255

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 257N

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

LEE FARMER,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause No. DC 2006-025
Honorable David G. Rice, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Carl White, Attorney at Law, Havre, Montana

      For Appellee:

          Hon. Mike McGrath, Montana Attorney General, Micheal S. Wellenstein,
Assistant Attorney General, Helena, Montana

          Cyndee L. Peterson, Hill County Attorney, Havre, Montana

Submitted on Briefs:  July 2, 2008

Decided:  July 22, 2008

Filed:

_____
                   Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 On January 31, 2005, Lee E. Farmer (Farmer) was cited for one count of partner or family member assault (PFMA), a misdemeanor in violation of § 45-5-206, MCA, after he allegedly pushed his wife and hit her on the chest with a telephone. Farmer was arraigned on the PFMA charge before Hill County Justice of the Peace Terry L. Stoppa (Stoppa) on February 1, 2005. At that time he was advised of his rights and the charge against him. Farmer pled not guilty and did not request or seek counsel. Farmer subsequently requested a bench trial before Justice of the Peace Stoppa. The date for the bench trial was continued on several occasions, and Farmer waived his right to a speedy trial. A bench trial was eventually set for August 31, 2005.

¶3 Farmer is a self-employed businessman who transports oil field equipment. On the morning of August 31, 2005, Farmer received a call from his largest client requesting the transportation of a multi-million dollar gas well rig. Although Farmer had other employees, he was concerned about their inexperience in moving such an expensive piece of equipment and felt it was vital to his business that he personally move the rig. He contacted the Hill County Attorney and Justice of the Peace Stoppa around 8 a.m., explained the situation, and requested that the bench trial be postponed. Neither the

2

County Attorney nor Justice of the Peace Stoppa would agree to another continuance. After talking to Stoppa, Farmer believed that if he did not show up for the bench trial, he would be found guilty by default and possibly arrested for contempt of court. Alternatively, if he showed up in Justice Court and pled guilty to the charge, he would be able to leave quickly and would have an opportunity to move the rig.

¶4 Consequently, Farmer appeared in Justice Court on the morning of August 31, 2005, and pled guilty to the PFMA charge. According to the judgment entered by Justice of the Peace Stoppa, a factual basis for the PFMA charge was elicited in court, Farmer was again advised of his rights, and he then entered his plea. Farmer was sentenced to six months in jail, with all but twenty-four hours suspended, and subject to four conditions. One of those conditions required Farmer to successfully complete forty hours of violence intervention counseling.

¶5 Because Farmer never entered into counseling, the State moved to revoke his suspended sentence on September 28, 2005. Farmer then obtained counsel and moved to withdraw his guilty plea on November 22, 2005. The motion was denied by the Justice Court, and Farmer appealed to the District Court.

¶6 A hearing on Farmer's appeal was held before the District Court on October 20, 2006. At that hearing both Farmer and Justice of the Peace Stoppa testified. On February 12, 2007, the District Court found that Farmer's plea was voluntarily entered and affirmed the Justice Court. Farmer now appeals the District Court's decision.

¶7 Under § 46-17-203(2)(b), MCA, "[a] defendant [in justice court] who claims that a plea of guilty or nolo contendere was not entered voluntarily may move to withdraw the

3

plea. If the motion to withdraw is denied, the defendant may, within 90 days of the denial of the motion, appeal the denial of a motion to withdraw the plea to district court." The issue of whether a plea was entered voluntarily presents a mixed question of law and fact which we review de novo. *State v. McFarlane*, 2008 MT 18, ¶ 8, 341 Mont. 166, ¶ 8, 176 P.3d 1057, ¶ 8. We will review the lower court's factual findings to determine if they are clearly erroneous, and its interpretation and application of the law for correctness. *McFarlane*, ¶ 8.

¶8 When reviewing the voluntariness of a guilty plea, we examine "case-specific considerations," including "the adequacy of the [justice] court's interrogation, the benefits obtained from a plea bargain, the withdrawal's timeliness, and other considerations that may affect the credibility of the claims presented." *McFarlane*, ¶ 17. Consequently, we will not reverse the " 'denial of a motion to withdraw a guilty plea if the defendant was aware of the direct consequences of such a plea, and if his plea was not induced by threats, misrepresentation, or an improper promise such as a bribe.' " *McFarlane*, ¶ 17 (quoting *State v. Warclub*, 2005 MT 149, ¶ 32, 327 Mont. 352, ¶ 32, 114 P.3d 254, ¶ 32).

¶9 Farmer maintains that his plea was involuntary because he was under significant economic coercion when he pled guilty. Farmer argues he was forced to choose between asserting his innocence in Justice Court and potentially losing his biggest client, or pleading guilty so he could work. He also argues the plea was not voluntary because he was without counsel and Stoppa misadvised him that if he did not show up in Justice Court, he would be found guilty by default and subject to arrest for contempt of court.

4

He further claims that he was never properly advised he could be tried, and possibly even acquitted, in absentia. Had he known this, Farmer maintains he would not have pled guilty. Accordingly, Farmer claims that his guilty plea was a product of misrepresentations by Stoppa and significant economic duress, and not a voluntary action on his part.

¶10 We disagree and affirm the District Court. As noted by the District Court, Farmer was fully advised of his rights when initially arraigned and was aware of the consequences of pleading guilty when he entered his plea. Farmer had ample opportunity to obtain counsel, but chose not to do so. The District Court concluded that Farmer was aware of the rights he was giving up by pleading guilty, and that he made a knowing, voluntary choice to work rather than have a bench trial on August 31, 2005. At the hearing on Farmer's motion, the District Court received testimony from Stoppa and Farmer, and concluded that Stoppa did not misadvise Farmer concerning the consequences of a guilty plea. Farmer points to nothing on appeal which demonstrates this finding is clearly erroneous. Moreover, the District Court observed that Farmer did not attempt to have his guilty plea withdrawn until after the State sought to revoke his suspended sentence. This led the District Court to conclude that his motion to withdraw his plea was primarily related to the frustration he would have in complying with sentencing conditions. Thus, the District Court found Farmer's guilty plea was voluntary because he entered the plea with an awareness of the direct consequences of his action, and was not forced to do so by the Justice Court. Farmer has not demonstrated that the

5

findings in support of this decision were clearly erroneous, or that the District Court's interpretation and application of the law in reaching this conclusion was incorrect.

¶11 Farmer also argues that the District Court erred in affirming the Justice Court's denial of his motion because Justice of the Peace Stoppa failed to adhere to the Montana Uniform Rules for the Justice and City Courts, Title 25, chapter 24, MCA. In particular, Farmer argues that Stoppa failed to comply with Rule 6(c), which provides in pertinent part that "[f]ailure to file an answer brief by the adverse party within ten days shall be deemed an admission that the motion is well taken." Farmer notes that he filed the motion to withdraw his guilty plea on November 22, 2005. However, Stoppa denied the motion without a hearing on December 12, 2005, and in spite of the fact that the State failed to file an answer to Farmer's motion. Farmer maintains that the State's failure to answer was an admission that his motion was well taken, and that Stoppa consequently erred in denying it.

¶12 We agree with the State that Farmer's argument on this issue is without merit. As the State correctly notes, under Rule 21(b) of the Montana Uniform Rules for the Justice and City Courts, "[w]hen the period of time prescribed or allowed is ten days or less, intermediate Saturdays, Sundays, and legal holidays shall be excluded." Thus, due to the Thanksgiving Day holiday and two weekends after Farmer delivered his motion, the State had until December 7, 2005 to respond. Once the Justice Court denied Farmer's motion on December 5, there was no need for the State to file an answer brief. The State's failure to respond could not be considered an admission that Farmer's motion was well taken since it had already been denied by the Justice Court.

6

¶13    For these reasons, we affirm the District Court.


/S/ PATRICIA COTTER


We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS